UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| BRENDAN NASBY, | Case No. 3:22-cv-00146-MMD-CLB |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| HAROLD WICKHAM, *et al.*, | |
| Defendants. | |

*Pro se* Plaintiff Brendan Nasby submitted a complaint for violation of his civil rights under 42 U.S.C. § 1983. (ECF No. 5.) Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Carla L. Baldwin recommending that the Court grant Defendants' motion for summary judgment (ECF No. 26 ("Motion")) because Nasby has failed to provide evidence or meet the threshold requirement for bringing a cause of action for denial of meaningful access to the courts. (ECF No. 32.) Nasby did not file an opposition to the Motion, even though he was granted two extensions of time to do so (ECF Nos. 30, 31.) Objections to the R&R were due December 1, 2023. (*See id.*) To date, Nasby has not objected to the R&R. The Court thus adopts the R&R in full.

Because there was no objection, the Court need not conduct de novo review, and is satisfied that Judge Baldwin did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original). A party is entitled to summary judgment as a matter of law when "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In the R&R, Judge Baldwin recommends that the Court grant Defendants' Motion because Defendants have met their initial burden of showing that Nasby has not suffered an actual injury, and Nasby fails to produce any evidence to meet the actual injury threshold for establishing an access to the courts claim. (ECF No. 32 at 7-9.) *See Alvarez v. Hill*, 518 F.3d 1152, 1155 (9th Cir. 2008) (describing the actual injury standard for access to courts claims); *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (describing summary judgment burdens). Judge Baldwin notes that Nasby's premise that he would have succeeded in post-conviction relief petitions had the Nevada Department of Corrections sent out his mail on a particular day is speculative and unsupported by evidence. (ECF No. 32 at 7-8.) She further notes that Nasby previously filed a civil rights action asserting an access to courts claim, and the Ninth Circuit Court of Appeals found that Nasby had not suffered an actual injury and that none of his underlying habeas claims were viable. (*Id.* at 8.) In addition, Judge Baldwin notes that Nasby cannot show that Defendants' mail regulations are not reasonably related to legitimate penological interests. (*Id.*) *See Lewis v. Casey*, 518 U.S. 343, 346 (1996). Even viewing all facts and drawing all inferences in the light most favorable to Nasby, the Court thus finds that Defendants are entitled to summary judgment.

It is therefore ordered that Judge Baldwin's Report and Recommendation (ECF No. 32) is accepted and adopted in full.

It is further ordered that Defendants' motion for summary judgment (ECF No. 26) is granted.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 7th Day of December 2023.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE